**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 15-cv-7706 |
| v. | ) | Judge Ronald A. Guzmán |
| DON FRANKLIN, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [1] is denied. Defendant's application to proceed *in forma pauperis* [3] and motion for attorney representation [4] are denied as moot. Civil case terminated.

**STATEMENT**

Defendant's sole argument for reducing his sentence is that his criminal history was improperly calculated in violation of Amendment 709 to the United States Sentencing Guidelines, which changed the manner by which "prior sentences" are counted for the purposes of determining a defendant's criminal history score. *See U.S.S.G. § 4A1.2(a)(2), Supp. to App. C 235 (2008) (Amendment 709). This claim fails on both procedural and substantive grounds.*

*First, Defendant has procedurally defaulted on his claim by failing to appeal his sentence and conviction in any way, much less the precise raised issue on this motion. See Turner v. United States*, 693 F.3d 756, 758 (7th Cir. 2012) (explaining that a Section 2255 claim is procedurally defaulted if it could have been made on direct appeal). Defendant's only excuse for not doing so is that he was unaware of what, in his view, is the applicable law. But his ignorance of the law is insufficient to excuse his procedural default. *See id.*

In so holding, the Court is mindful that Defendant is *pro se* and that his claims must be construed broadly to support any potential grounds for relief. However, his motion does not provide a legally cognizable explanation for his failure to appeal, and he has failed to submit any reply brief, despite having ample opportunity to do so. The Court therefore has no basis for ignoring his procedural default.

Yet even if there were a way to get around Defendant's default, it would be pointless because his claim also fails as a matter of law. Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the ground that his sentence was imposed in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2255. To receive relief under Section 2255, a petitioner must demonstrate a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Under this standard, Defendant's argument that the Court improperly calculated his sentence under Amendment 709 is a nonstarter.

Amendment 709 generally provides that sentences that were imposed on the same day should be treated as a single sentence, not separate sentences. See U.S.S.G. § 4A1.2(a)(2). Accordingly, Defendant claims that the Court mistakenly added two points for each of two predicate offenses (possession of a controlled substance and aggravated use of a weapon/vehicle) that were imposed on the same day — June 12, 2003. But there was no mistake in counting these as separate offenses.

Guidelines Section 4A1.2(a)(2) (a.k.a. Amendment 709) plainly states:

[P]rior sentences always are counted separately **if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).**

*U.S.S.G. § 4A1.2(a)(2). Here, Defendant's Presentence Investigation Report indicates that he was arrested for aggravated use of a weapon/vehicle on October 3, 2002, whereas he was arrested for possession of a controlled substance on April 16, 2003. (See USA v. Franklin et al., 13-cr-00367-1, Dkt. # 61 at 10-11.) Defendant does not dispute this in his motion. Thus, while he was indeed sentenced for those crimes on the same day, there was an intervening arrest between the offenses, which precludes consolidating them into a "single" offense for Guidelines purposes.* See *U.S.S.G. § 4A1.2(a)(2). Defendant's Section 2255 claim is therefore denied.*

### CONCLUSION

Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [1] is denied. Defendant's application to proceed in forma pauperis [3] and motion for attorney representation [4] are denied as moot. Civil case terminated.

**SO ORDERED.**  ENTERED: December 22, 2015

_(signed)_ Ronald A. Guzmán

_____
**HON. RONALD A. GUZMÁN**
**United States District Judge**